UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Meghan Searle

    Plaintiff,

v.

Convergent Outsourcing, Inc.,

    Defendant.

FILED
CLERKS OFFICE

2013 AUG -9 A 10: 14

Civil Action No. _____ DISTRICT COURT
                                                            MASS

**VERIFIED COMPLAINT**

Plaintiff Meghan Searle sues Defendant Convergent Outsourcing, Inc. for money damages as well as other relief and states:

## JURISDICTION

1. This action arises out of the Defendant's violations of the Fair Credit Reporting Act (FCRA) 15 USC § 1681 et seq; Massachusetts Fair Credit Reporting Act (M.G.L. c 93 § 50-68); Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692 et seq.; and Massachusetts Consumer Protection Act (M.G.L. c 93A § 2) et seq; by the Defendant's attempt to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C § 1391(b), in that the Plaintiff resides in this District, the Defendant transacts business in this District, and a substantial portion of the acts giving rise to this action occurred in this District.

4. This Court has jurisdiction.

## PARTIES

5.  The Plaintiff, Meghan Searle ("Plaintiff"), is an adult individual residing in Merrimac, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6.  The Defendant, Convergent Outsourcing, Inc. ("Defendant"), is a Washington business entity that is registered to do business in Massachusetts with principle address of 800 SW 39th Street, Renton, Washington 98055, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C § 1692a(6).

## GENERAL FACTUAL ALLEGATIONS

7.  The Plaintiff reviewed her Credit Report ("Credit Report") from the Credit Reporting Agency: Experian ("CRA").

8.  The Defendant made a Credit Report Inquiry ("Inquiry") into the Plaintiff's Credit Report on 3/8/2011.

9.  The Plaintiff discovered the Defendant's Inquiry on 1/31/2013.

10. The Plaintiff disputed the Defendant's Inquiry with the CRA dated 2/21/2013.

11. The Defendant falsely represented information to the CRA in order to make an Inquiry into the Plaintiff's Credit Report.

12. The Plaintiff sent the Defendant a Unrecognized Credit Inquiry letter dated 3/7/2013.

13. The Plaintiff sent the Defendant a Notice of Lawsuit Pending letter dated 5/15/2013.

14. The Defendant is unresponsive to the Plaintiff's Unrecognized Credit Inquiry letter and Notice of Lawsuit Pending letter, as of the filing of this Verified Complaint.

15. The Defendant's Inquiry is an attempt to obtain information concerning a consumer.

16. The Defendant's occupational business is debt collection.

17. The Defendant's Inquiry is an attempt to collect a debt.

18. The Plaintiff and Defendant have not interacted prior to the sending of the Unrecognized Credit Inquiry letter.

19. The Plaintiff has not been offered credit by the Defendant.

20. The Plaintiff has not requested credit from the Defendant.

21. The Plaintiff holds no obligation of any kind to the Defendant.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

22. The Plaintiff discovered her right to sue on 1/31/2013.

23. All Counts are within the Statute of Limitations.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that the Defendant employed false representation and deceptive means to attempt to collect a debt.

26. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that the Defendant used false representation and deceptive means to obtain information concerning a consumer.

WHEREFORE the Plaintiff moves the Court to enter an order granting judgment for money damages against the Defendant, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendant employed unfair, deceptive acts to collect a debt, in violation of M.G.L. c. 93A § 2.

29. The Defendant's failure to comply with these provisions constitute unfair and deceptive acts under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages as well as reasonable attorney's fees.

WHEREFORE the Plaintiff moves the Court to enter an order granting judgment for money damages, as well as reasonable attorney's fees against the Defendant, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, et seq.

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Defendant's conduct willfully and negligently violated 15 U.S.C. § 1681b(a)(2) in that the Defendant made an Inquiry into the Plaintiff's Credit Report without a Permissible purpose.

WHEREFORE the Plaintiff moves the Court to enter an order granting judgment for money damages against the Defendant, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT IV
## VIOLATION OF THE MASSACHUSETTS FAIR CREDIT REPORTING ACT
## M.G.L. c. 93 § 50-68, et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Defendant's conduct willfully and negligently violated M.G.L. c. 93 § 68 in that the Defendant failed to comply with the provisions of Sections fifty through sixty-seven of said chapter, and that constitutes Unfair Trade Practice.

34. The Defendant's failure to comply with these provisions constitutes willful and negligent non-compliance for Unfair Trade Practices, under M.G.L. c. 93 § 63 and M.G.L. c. 93 § 64, as such this entitles Plaintiff to double or treble damages as well as reasonable attorney's fees.

WHEREFORE the Plaintiff moves the Court to enter an order granting judgment for money damages, as well as reasonable attorney's fees against the Defendant, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

### DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff demands that judgment be entered against the Defendant for:

1. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant.

2. Statutory damages of $1,000.00 for each violation pursuant to 15. U.S.C. § 1681n(b);

3. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c 93A § 9(3)(A) against the Defendant;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

5. Removal of Defendant's Inquiry from the Plaintiffs Credit Report;

6. Punitive damages; and

7. Together with such other and further relief as the Court may deem reasonable and just under the circumstances.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 5th, 2013

Respectfully Submitted,

By: _____

Meghan Searle

9 Prospect St.

Merrimac, MA 01860

RespondRS@gmail.com

**VERIFICATION**

STATE OF MASSACHUSETTS

COUNTY OF ESSEX

BEFORE ME personally appeared Meghan Searle who, being by me first duly sworn and identified in accordance with Massachusetts law, deposes and says:

1. My name is Meghan Searle, Plaintiff herein.

2. I have read and understood the attached foregoing complaint filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

x _Meghan Searle_

Meghan Searle, Affiant

SWORN TO and subscribed before me this 7th day of August 2013.

_Joanne M. McMaster_

Notary Public

My Commission Expires: 9/5/14