UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

MEGHAN SEARLE,

Plaintiff,

v.

CONVERGENT OUTSOURCING, INC.,

Defendant.

CIVIL ACTION NO.  1:13-cv-11914-PBS

---

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(6), the defendant Convergent Outsourcing, Inc. ("Convergent") moves to dismiss the complaint and all of its counts for failure to state a claim upon which relief can be granted.  The suit arises from standard and lawful efforts by Convergent to collect an unpaid account owed by the plaintiff.  (Complaint ¶¶ 1, 6, 16-17; Answer ¶¶ 1, 16-17) The plaintiff's allegations regarding purported violations of the Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA"), Massachusetts Fair Credit Reporting Act ("MFCRA"), and Chapter 93A all fail to state a claim.  All of the allegations are formulaic, mechanistic, implausible, and insufficient.  They are also meritless as a matter of law.

### ARGUMENT

I.   All of The Plaintiff's Allegations Are Insufficient And Fail to State a Claim.

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead sufficient facts to support an inference that it is plausible that the defendant is liable for the misconduct alleged.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009).  Conclusory and mechanistic statements of the elements of a

claim or statutory provisions are not enough.  See Maddox v. Elsevier, 2013 WL 5630077 (1st

Cir. 2013)("A mechanistic recital of the elements of a claim will not suffice. . . .").

        Here, the pro se plaintiff's claims fall far short of this standard.  As a review of the

complaint confirms, the factual allegations are bland, summary, and mechanistic.  No facts

supporting a plausible inference that Convergent actually violated any of the cited statutes are

articulated.  Rather, the general factual allegations and allegations in the counts refer only

generically to statutory sections and make conclusory, non-specific allegations of impropriety.

This is not enough.  See Ashcroft 556 U.S. at 678; see also Jones v. FMA Alliance Ltd., 2013

WL 5719515 (D. Ma. 2013) (dismissing FDCPA, TCPA, and 93A claims where the plaintiff's

"bare allegations" were insufficient.) Because the plaintiff's formulaic allegations do not meet

even minimal pleading requirements, she has failed to state a claim.

        II.     All Claims Fail for the Additional Reason that they are Meritless as a Matter of Law.

        The premise of all of the claims is that Convergent violated the FCRA, MFCRA,

FDCPA, and Chapter 93A by pulling the plaintiff's credit report without (allegedly) a

permissible purpose.  (Complaint ¶¶ 1, 7-8, 15-21, 25-26, 31-32)  Apart from the insufficiency of

the pleading of this theory, the claim fails as a matter of law, for two reasons.  First, both the

FCRA and the MFCRA unambiguously provide that collection of an account is a permissible

purpose for review of the consumer's credit report.  See 15 U.S.C. § 1681b(a)(3)(A); G.L. c. 93 §

51(a)(3)(i).  Second, courts in a long line of decisions have repeatedly considered and rejected

the plaintiff's contrary argument.  See, e.g., Etefia v. Russell Collec. Agency, 20 Fed. App'x.

485 (6th Cir. 2001) (collector's request for credit report permitted by section 1681b(a)(3)(A));

Edge v. Prof. Claims Bureau, Inc., 64 F. Supp. 2d 115 (E.D.N.Y. 1999), aff'd., 234 F. 3d 1261

(2d Cir. 2000) (same); Demaestri v. Asset Acceptance Capital Corp, 2012 WL 1229907 *4 (D.

Colo.) (same); <u>Pyle v. First National Collec. Bureau</u>, 2012 WL 5464357 *5 (E.D. Cal.) (same);

<u>Jagos v. Law Firm of Allen C. Smith</u>, 2013 WL 3895454 (E.D. Mich.) (same).  This line of

authorities confirms what the pain statutory language says:  debt collection is a permissible

purpose for reviewing the debtor's credit report.  And because the review of the plaintiff's credit

report was <u>expressly permitted as a matter of law</u>, it necessarily cannot be an FDCPA or 93A

violation either.  For this reason, all purported claims are groundless as a matter of law.

    III.    <u>The Chapter 93A Claim Fails for the Additional Reason that the Statute's
Jurisdictional Pleading Requirements Have Not Been Met.</u>

        Chapter 93A includes a jurisdictional requirement that the claimant issue a detailed

settlement demand that meets specific statutory requirements.  G.L. c. 93A § 9 (3); <u>Thorpe v.</u>

<u>Mutual of Omaha Ins. Co.</u>, 984 F.2d 541, 544 (1st Cir. 1993); <u>Entrialgo v. Twin City Dodge,</u>

<u>Inc.</u>, 368 Mass. 812, 813 (1975).  The demand must: (1) mention Chapter 93A or the Consumer

Protection Act; (2) be sent thirty days before suit is filed; (3) describe all unfair and deceptive

acts; (4) describe the injury; (5) provide notice that an offer is expected within thirty days; and

(6) be sent to all prospective defendants.  <u>See id.</u>  <u>See also</u> <u>Cassano v. Gogos</u>, 20 Mass. App. Ct.

348, 350-353 (1985).  Additionally, 93A claimants must plead all of these elements and must

allege the service of a compliant demand.  <u>Thorpe</u>, 984 F.2d at 544; <u>Linthicum v. Archambault,</u>

379 Mass. 381, 385 (1979); <u>Entrialgo</u>, 368 Mass. at 813; <u>Spilios v. Cohen</u>, 38 Mass. App. Ct.

338, 342 (1995); <u>Multi Technology Inc. v. Mitchell Management Sys., Inc.</u>, 25 Mass. App. Ct.

333, 335 (1988).

        None of these jurisdictional requirements are met here.  The Court will search the

complaint in vain for these allegations.  There is no description of any particular fraud or

misrepresentation.  There is no allegation of conduct that was criminal, unethical, oppressive,

extortionate, or unscrupulous.  There are no details of any kind clarifying exactly what it is that

the plaintiff says was unfair or deceptive.  There is no description of damages.  There is no

allegation that a compliant 93A demand was issued.  As such, no 93A claim has been plead.  See

caselaw supra; see also Boyle v. International Truck Corp., 369 F.3d 9 (1st Cir. 2004); McEvoy

Travel Bureau, Inc. v. Norton Company, 408 MA 704, 714 (1990); PNP Associates, Inc. v.

Globe Newspaper Company, 366 MA 593, 596 (1975); Diamond Capital Grants, Inc. v.

Backleaf, LLC, 60 Mass. App. Ct. 502, 507 (2004).  The plaintiff has failed to satisfy

jurisdictional pleading and procedural requirements of Chapter 93A.

CONCLUSION

For all of the foregoing reasons, the complaint fails to state a claim upon which relief can

be granted, is meritless as a matter of law, and should be dismissed.


CONVERGENT OUTSOURCING, INC.

By its attorneys,

/s/ John J. O'Connor
John J. O'Connor
B.B.O. No. 555251
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261
(617) 951.2100
joconnor@peabodyarnold.com


**LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I, John J. O'Connor, hereby certify that I have communicated with the Plaintiff in
compliance with Local Rule 7.1.

/s/ John J. O'Connor

November 22, 2013                    John J. O'Connor

## **CERTIFICATE OF SERVICE**

I, John J. O'Connor, do hereby certify that I have, this 22nd day of November, 2013, served the foregoing document on all counsel of record, by causing a copy thereof, to be sent electronically to the registered participants in this case as identified on the Notice of Electronic Filing (NEF).

/s/ John J. O'Connor
John J. O'Connor

810914