UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEGHAN SEARLE,<br><br>       Plaintiff,<br><br>v.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>       Defendant. | CIVIL ACTION NO. 1:13-cv-11914-PBS |

## ANSWER TO COMPLAINT

The defendant Convergent Outsourcing, Inc. ("Convergent") answers the plaintiff's complaint as follows:

### JURISDICTION

1. Convergent admits attempting to collect a debt, but denies the remaining allegations contained in this paragraph.

2. Convergent denies the allegations contained in this paragraph.

3. Convergent denies the allegations contained in this paragraph.

4. Convergent denies the allegations contained in this paragraph.

### PARTIES

5. Convergent admits the plaintiff lives in Merrimac, but denies the remaining allegations in this paragraph.

6. Convergent admits that it has a place of business in Washington and that it is registered to do business in Massachusetts, but denies the remaining allegations contained in this paragraph.

### GENERAL FACTUAL ALLEGATIONS

7. Convergent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. Convergent denies the allegations contained in this paragraph.

9. Convergent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10. Convergent denies the allegations contained in this paragraph.

11. Convergent denies the allegations contained in this paragraph.

12. Convergent denies the allegations contained in this paragraph.

13. Convergent denies the allegations contained in this paragraph.

14. Convergent denies the allegations contained in this paragraph.

15. Convergent admits it reviewed the plaintiff's credit history for the permissible purpose of debt collection, but denies the remaining allegations contained in this paragraph.

16. Convergent admits it engages in lawful debt collection, but denies the allegations contained in this paragraph.

17. Convergent admits the allegations contained in this paragraph, and admits it was attempting to collect an unpaid debt owed by the plaintiff.

18. Convergent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19. Convergent denies the allegations contained in this paragraph.

20. Convergent denies the allegations contained in this paragraph.

21. Convergent denies the allegations contained in this paragraph.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

22. Convergent denies the allegations contained in this paragraph.

23. Convergent denies the allegations contained in this paragraph.

## COUNT I

## VIOLATIONS OF THE FDCPA § 1692, et seq.

24. Convergent repeats and incorporates all of its prior responses.

25. Convergent denies the allegations contained in this paragraph.

26. Convergent denies the allegations contained in this paragraph.

## COUNT II

### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. C. 93A § 2, et seq.

27.     Convergent repeats and incorporates all of its prior responses.

28.     Convergent denies the allegations contained in this paragraph.

29.     Convergent denies the allegations contained in this paragraph.

## COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, et seq.

30.     Convergent repeats and incorporates all of its prior responses.

31.     Convergent denies the allegations contained in this paragraph.

## COUNT IV

### VIOLATION OF THE MASSACHUSETTS FAIR CREDIT REPORTING M.G.L. C. 93A § 50-68, et seq.

32.     Convergent repeats and incorporates all of its prior responses.

33.     Convergent denies the allegations contained in this paragraph.

34.     Convergent denies the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

### First

Convergent says that the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### Second

Convergent says that all claims are barred by the relevant statutes of limitation.

### Third

Convergent says that the complaint should be dismissed for failure to comply with the procedural requirements of G.L. c. 93A.  Convergent further says that its conduct at all times was neither deceptive nor unfair.

<u>Fourth</u>

Convergent says that its actions as to the plaintiff's credit history were authorized by law and were for a permitted purpose

<u>Fifth</u>

Convergent says that the complaint should be dismissed insofar as the Plaintiff has suffered no damages.

<u>Sixth</u>

Convergent states that any alleged violation occurred as the result of a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

<u>Seventh</u>

Convergent says that all claims are barred as a matter of fact and law for the reasons given in its motion to dismiss.

<u>Eighth</u>

Convergent says that all claims are barred by the plaintiff's failure to mitigate, and by the doctrines of waiver, estoppel, ratification, and laches.

For the foregoing reasons, the defendant requests that the Court dismiss all claims with prejudice, award it all of its attorneys' fees and costs, and grant such other and further relief as may be just.

CONVERGENT OUTSOURCING, INC.
By its attorneys,

/s/ John J. O'Connor
John J. O'Connor
B.B.O. No. 555251
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261
(617) 951.2100
joconnor@peabodyarnold.com

## **CERTIFICATE OF SERVICE**

      I, John J. O'Connor, do hereby certify that I have, this 22nd day of November, 2013, served the foregoing document on all counsel of record, by causing a copy thereof, to be sent electronically to the registered participants in this case as identified on the Notice of Electronic Filing (NEF).

      /s/ John J. O'Connor
      John J. O'Connor

810845_1
15997-97841