UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Meghan Searle<br><br>　　　　Plaintiff,<br>v.<br><br>Convergent Outsourcing, Inc.,<br><br>　　　　Defendant. | Civil Action No.: 1:13-cv-11914-PBS<br><br>1st AMENDED VERIFIED COMPLAINT |

Plaintiff Meghan Searle sues Defendant Convergent Outsourcing, Inc. for money damages as well as other relief and states:

## JURISDICTION

1. This action arises out of the Defendant's violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 et seq; Massachusetts Fair Credit Reporting Act (M.G.L. c 93 § 50-68); Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 et seq.; and Massachusetts Consumer Protection Act (M.G.L. c 93A § 2) et seq; by the Defendant's attempt to collect an alleged consumer debt.

2. Jurisdiction of this court arises under 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Plaintiff resides in this District, the Defendant transacts business in this District, and a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Meghan Searle ("Plaintiff"), is an adult individual residing in Merrimac, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Convergent Outsourcing, Inc. ("Defendant"), is a Washington business entity that is registered to do business in Massachusetts with principle address of 800 SW 39th Street, Renton, Washington 98055.

6. Defendant regularly uses the mail, telephone and electronics devices in its' business practices, one of the principal purposes of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties.

8. Defendant is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

9. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged consumer debt. (Compl. ¶¶ 11.)

## FACTUAL ALLEGATIONS

10. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully restated herein.

11. Plaintiff incurred an obligation to T-Mobile ("T-Mobile"), a mobile telephone service provider.

12. Plaintiff reviewed a copy of her Credit Report from Experian ("Credit Report"), a Consumer Reporting Agency ("Experian") as the term is defined by 15 U.S.C. § 1681a(f).

13.     Defendant made a Credit Report Inquiry ("Inquiry") into the Plaintiff's Credit Report on 3/8/2011. (See Exhibit A)

14.     Defendant did not ask for the Plaintiff's permission to inquire into her Credit Report.

15.     Plaintiff did not authorize the Defendant to inquire into her Credit Report.

16.     Defendant's Inquiry, which occurred on 3/8/2011, obtained information concerning the Plaintiff, by way of gaining access to Experian's Consumer Information Database(s) ("Experian's Databases").

17.     Defendant gained access to Experian's Databases without a permissible purpose, which therefore mislead and falsely represented to Experian, the Defendant's Inquiry as for a permissible purpose.

18.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

19.     Defendant's Inquiry is a means to attempt to collect a debt.

20.     Plaintiff discovered her right to sue on 1/31/2013

21.     Plaintiff discovered Defendant's Inquiry on 1/31/2013.

22.     Plaintiff disputed the Defendant's Inquiry with Experian dated 2/21/2013. (See Exhibit B)

23.     The Plaintiff sent the Defendant a Notice of Lawsuit Pending letter dated 5/15/2013. (See Exhibit C)

24. Plaintiff sent the Defendant an Unrecognized Credit Inquiry letter dated 3/7/2013. (See Exhibit D)

25. Defendant is unresponsive to the Plaintiff's Unrecognized Credit Inquiry letter and Notice of Lawsuit Pending letter, as of the filing of this Verified Complaint on 8/9/2013.

26. Plaintiff and Defendant have not interacted prior to the sending of the Unrecognized Credit Inquiry letter.

27. Plaintiff does not have any obligation to the Defendant.

28. Plaintiff does not have any contract with the Defendant.

29. Plaintiff has not requested credit from the Defendant.

30. Plaintiff has not been offered credit by the Defendant.

31. All Counts are within the Statute of Limitations.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that the Defendant employed false representation and deceptive means to attempt to collect a debt, in that Defendant accessed Experian's Databases without a permissible purpose, thereby falsely representing to Experian, the Defendant's Inquiry as permissible, when the Inquiry was in fact NOT permissible.

34. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that the Defendant used false representation and deceptive means to obtain information concerning a consumer, in that the Defendant gained access to Experian's Databases, and had been provided consumer information concerning the Plaintiff.

35. The Defendant's conduct violated 15 U.S.C. § 1692f, in that the Defendant used unfair or unconscionable means to collect a debt, in that the Defendant made an Inquiry into Plaintiff's Credit Report without the Plaintiff's permission and without a permissible purpose.

**WHEREFORE** the Plaintiff moves the Court to enter an order granting judgment for money damages against the Defendant, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Defendant employed unfair, deceptive acts to collect a debt, in violation of M.G.L. c. 93A § 2.

38. The Defendant's failure to comply with these provisions constitute unfair and deceptive acts under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages as well as reasonable attorney's fees.

39. All of the violations of COUNT I are mirrored in COUNT II because the language for Massachusetts laws with regards to debt collection, had been adopted by the State of Massachusetts, utilizing the Federal debt collection statute as guidance:

> *"Provisions of 940 CMR 7.00 that contain language substantively identical to provisions within 15 U.S.C. § 1692, et seq., the Fair Debt Collection Practices Act, should be interpreted consistently with that Act."*

**WHEREFORE** the Plaintiff moves the Court to enter an order granting judgment for money damages, as well as reasonable attorney's fees against the Defendant, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, et seq.

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Defendant's conduct willfully and negligently violated 15 U.S.C. § 1681b(a)(2) in that the Defendant made an Inquiry into the Plaintiff's Credit Report without a Permissible purpose.

**WHEREFORE** the Plaintiff moves the Court to enter an order granting judgment for money damages against the Defendant, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT IV
## VIOLATION OF THE MASSACHUSETTS FAIR CREDIT REPORTING ACT
## M.G.L. c. 93 § 50-68, et seq.

2. I have read and understood the attached foregoing complaint filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

*Meghan Searle*
Meghan Searle, Affiant

SWORN TO and subscribed before me this 10th day of April 2014.

*Carolyn F. Woods*
Notary Public

My Commission Expires: 02/12/21