UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MEGHAN SEARLE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 13-11914-PBS |
| | ) | |
| CONVERGENT OUTSOURCING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION ON
# DEFENDANT'S MOTION TO DISMISS, PLAINTIFF'S MOTION
# TO STRIKE AFFIRMATIVE DEFENSES, AND
# PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

June 12, 2014

DEIN, U.S.M.J.

## I. INTRODUCTION

The *pro se* plaintiff, Meghan Searle ("Searle"), contends that the defendant unlawfully made a credit report inquiry about her, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., the Massachusetts Fair Credit Reporting Act ("MFCRA"), Mass. Gen. Laws ch. 93, §§ 50-68, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., and the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A. The defendant, Convergent Outsourcing, Inc. ("Convergent"), moved to dismiss the complaint on the grounds that its inquiry was made in connection with efforts to collect a consumer debt, and was therefore authorized by statute, and that the complaint otherwise fails to state a claim upon which relief can be granted. The

plaintiff opposed the motion to dismiss and filed a motion to strike Convergent's affirmative defenses.

While these motions were under advisement, the plaintiff filed a motion for leave to amend the complaint in which she adds some facts which were agreed upon at oral argument on the motion to dismiss, but otherwise asserts the same claims. Convergent has opposed the motion to amend on the grounds of futility.

This court finds that, based on the allegations of the complaint, Convergent lawfully initiated the credit inquiry. For this reason, as well as the other reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Defendant's Motion to Dismiss for Failure to State a Claim (Docket No. 10) be ALLOWED, that the plaintiff's Motion to Strike Affirmative Defenses (Docket No. 13) be DENIED, and that the plaintiff's Motion for Leave to Amend Complaint (Docket No. 23) be DENIED.

## II.  STATEMENT OF FACTS

### Scope of the Record

When ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the court must accept as true all well-pleaded facts, and give the plaintiff the benefit of all reasonable inferences. See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d

30, 33 (1st Cir. 2001). "There is, however, a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Id. (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). In the instant case, and as noted herein, the plaintiff agreed to certain facts related to the circumstances surrounding the defendant's inquiry into her credit and included them in her proposed amended complaint ("Am. Compl.") (Docket No. 23-1). The plaintiff has also submitted uncontested documents, including her communications with the defendant before suit was filed. (See, e.g., Docket No. 13). This information will be considered in connection with the pending motions.

## Facts

Searle is a resident of Merrimac, Massachusetts. (Compl. ¶ 5).[1] Convergent is a debt-collection agency based in Renton, Washington. (Id. ¶ 6). As Searle admitted at oral argument, and has alleged in her proposed amended complaint, she incurred a consumer debt with T-Mobile. (Am. Compl. ¶ 11). However, she disputed the amount T-Mobile claimed was due.

On March 8, 2011, Convergent made an inquiry into Searle's credit with Experian, a credit-reporting agency. (Compl. ¶ 8). Searle admits both in her Complaint and Amended Complaint that Convergent made the inquiry in connection with its efforts "to

---

[1] "Compl." refers to the plaintiff's "Verified Complaint" (Docket. No. 1).

collect an alleged debt arising from transactions incurred for personal, family or household purposes" and that the inquiry was "a means to attempt to collect a debt." (Am. Compl. ¶¶ 18, 19; accord Compl. ¶¶ 18, 19). Since the only debt referenced by Searle is her T-Mobile debt, the only logical reading of the Complaint and Amended Complaint is that Convergent made this inquiry in connection with its efforts to collect Searle's T-Mobile debt.[2]

According to Searle, she discovered Convergent's inquiry on January 31, 2013 and disputed the inquiry on February 21, 2013. (Compl. ¶¶ 9, 10). Searle contends that Convergent "falsely represented information" to Experian in order to make the inquiry into her credit. (Id. ¶ 11). In her proposed amended complaint, Searle expands on this assertion by alleging that Convergent "gained access to Experian's Databases without a permissible purpose, which therefore mislead and falsely represented to Experian, the Defendant's Inquiry as for a permissible purpose." (Am. Compl. ¶ 17). Thus, she contends, Convergent "accessed Experian's Databases without a permissible purpose, thereby falsely representing to Experian, the Defendant's Inquiry as permissible, when the Inquiry was in fact NOT permissible." (Am. Compl. ¶ 33).

---

[2] In addition, at oral argument on the motion to dismiss the original Complaint, Convergent represented that it made the credit inquiry in connection with its efforts to collect Searle's debt to T-Mobile. Searle did not challenge this fact in her subsequently filed proposed Amended Complaint. Convergent also indicated that it no longer owned either the debt or the right to collect the debt. This fact is irrelevant to the issue raised by the complaint, namely whether Convergent was authorized to make the inquiry at the time it did.

Searle sent Convergent an "Unrecognized Credit Inquiry letter" on March 7, 2013. (Compl. ¶ 12). She then sent Convergent a "Notice of Lawsuit Pending" on May 15, 2013. (Id. ¶ 13). Convergent did not reply. (Id. ¶ 14). Searle commenced the instant action on August 9, 2013. Searle and Convergent never had any interactions before the events described above. (Id. ¶ 18). Searle has neither received a credit offer, nor requested credit, from Convergent. (Id. ¶¶ 19, 20). Similarly, Searle was not asked for and did not grant Convergent permission to inquire into her credit report. (Am. Compl. ¶¶ 14, 15).

Additional facts will be provided below where appropriate.

### III.   ANALYSIS

#### A.   Standard of Review

Motions to dismiss under Rule 12(b)(6) test the sufficiency of the pleadings. Thus, when confronted with a motion to dismiss, the court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the non-moving party. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007); Cooperman, 171 F.3d at 46. Dismissal is appropriate only if the pleadings, so viewed, fail to support "'a plausible entitlement to relief.'" Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559, 127 S. Ct. at 1967).

Two underlying principles must guide the court's assessment as to the adequacy of the pleadings to support a claim for relief. Maldonado v. Fontanes, 568 F.3d 263, 268

(1st Cir. 2009). "'First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' Such conclusory statements are 'not entitled to the assumption of truth.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)) (internal citation omitted). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.'" Id. (quoting Ashcroft, 129 S. Ct. at 1950). "This second principle recognizes that the court's assessment of the pleadings is 'context-specific,' requiring 'the reviewing court to draw on its judicial experience and common sense.' '[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief.'" Id. (quoting Ashcroft, 129 S. Ct. at 1950) (internal quotations and citation omitted; alternations in original).

**B.     Convergent's Authority to Request a Credit Report**

The crux of all of Searle's claims is that Convergent had no authority to request a credit report, since she did not owe Convergent any debt. However, as detailed herein, Convergent was authorized under the FCRA and its Massachusetts counterpart, the MFCRA, to make such an inquiry even if it was seeking to collect a debt owed to

another. Consequently, the Complaint, and proposed Amended Complaint, fail to state a claim.[3]

## FCRA and MFCRA

By statute, a consumer reporting agency such as Experian may furnish a consumer report only under specified circumstances, including:

> (3) To a person which it has reason to believe –
>
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer[.]

FCRA, 15 U.S.C. § 1681b(a). See also Mass. Gen. Laws ch. 93, § 51(a)(3)(i). It is well established that a debt collection agency has the right to obtain a credit report so long as it is done in connection with efforts to review or collect an account. See Demaestri v. Asset Acceptance Capital Corp., Nos. 11-cv-01671-WJM-MJW, 11-cv-01672-WJM-

---

[3] On the same day this suit was filed, plaintiff's mother brought an identical lawsuit in this court against RGS Financial, Inc. alleging that RGS had initiated an unlawful credit report inquiry against her. Susan Searle v. RGS Financial, Inc., Case No. 13-11916-FDS. RGS moved to dismiss the complaint, and the plaintiff responded with a motion to strike the defendant's affirmative defenses. Judge Saylor denied the motion to dismiss the FCRA and MFCRA claims, while acknowledging that if RGS was either "an agent of a valid creditor or acquired one of plaintiff's debts from a third party and inquired into her credit to collect that debt[,]" the defendant would prevail. (Id., Docket No. 15). In the instant case, Searle has admitted that Convergent's inquiry was made in such a capacity, and thus the allowance of the motion to dismiss is appropriate in the instant case. Judge Saylor also denied without prejudice the motion to dismiss Susan Searle's FDCPA and MCPA claims for failure to plead fraud with particularity, but acknowledged that the pleadings were insufficient and granted the plaintiff leave to amend. (Id.). An amended complaint was filed, but according to the docket the case was settled shortly thereafter. (See id., Docket Nos. 16, 19, 20). Finally, Judge Saylor denied Susan Searle's motion to strike the defendant's affirmative defenses. (Id., Docket No. 15). Taking into consideration the factual differences in the two cases, the instant decision is consistent with Judge Saylor's rulings.

MJW, 2012 WL 1229907, at *4 (D. Colo. Mar. 14, 2012), and cases cited (collection of a debt, including by debt collectors, "has been consistently found to be a permissible purpose for seeking a consumer's credit report under § 1681b(a)(3)(A)");[4] Pyle v. First Nat'l Collection Bureau, No. 1:12-cv-00288-AWI-SKO, 2012 WL 5464357, at *4 (E.D. Cal. Nov. 8, 2012), and cases cited ("a collection agency is permitted to obtain a consumer report for the purposes of collecting a debt."). As the relevant case law establishes, courts have consistently rejected the argument, made here, that the inquiry by a debt collection agency is inappropriate because the consumer debt is not owed directly to the collection agency. Id. Therefore, Searle has failed to establish that Convergent has violated the FCRA or MFCRA, and Counts II and IV of the Complaint must be dismissed.

The cases relied on by the plaintiff do not compel a different result. For example, Searle has cited to the case of Grigoryan v. Convergent Outsourcing, Inc., No. CV 12-1499-CAS(PLAx), 2012 WL 4475455 (C.D. Cal. Sept. 24, 2012). There, the court denied Convergent's motion for judgment on the pleadings in a case challenging Convergent's actions in obtaining a credit report relating to the plaintiff. However, as the Grigoryan court held:

> While defendants *could* permissibly obtain plaintiff's credit report in connection with the collection of a debt they had been authorized to collect on behalf of a third party, where that third party had entered

---

[4] The Magistrate Judge's Report and Recommendation in Demaestri was adopted by the District Judge, as found at 2012 WL 1229940 (D. Colo. Apr. 12, 2012).

> into a consumer credit transaction with plaintiff, there are no
> allegations in plaintiff's complaint that support such a finding here.

Id. at *4 (emphasis in original). Thus, the defendant's motion was denied due to the absence of any "allegations of a credit transaction that plaintiff (1) was involved in or otherwise initiated and (2) that defendant acted pursuant to in obtaining plaintiff's credit report[.]" Id. In the instant case, however, Searle has acknowledged that Convergent was seeking to collect a (disputed) consumer debt that she allegedly owed T-Mobile. This is sufficient to establish that Convergent had authority to request the credit report. See Thomas v. Fin. Recovery Servs., No. EDCV 12-1339 PSG (Opx), 2013 WL 387968, at *6 (C.D. Cal. Jan. 31, 2013) (FCRA complaint against agency seeking to collect a debt to Dell computer dismissed as it lacked sufficient factual allegations; plaintiff given leave to amend, but only to the extent that she could "allege facts that, if proven, would establish either that Defendant did not request her credit report in connection with the debt to Dell or that Plaintiff was not involved in the underlying transaction with Dell").

Plaintiff's reliance on Pintos v. Pac. Creditors Ass'n, 605 F.3d 665 (9th Cir. 2010), is similarly misplaced. In Pintos, the police towed the plaintiff's car and the defendant, a collection agency, reviewed the plaintiff's credit report in an attempt to collect the tow charges. Id. at 675. The Ninth Circuit held that the defendant did not have a permissible purpose to review the credit report because the towing charges were not incurred in a transaction initiated by the plaintiff, but were imposed on her involuntarily. Id. at 675-76. Not only are those facts distinguishable from the instant case, where Searle

voluntarily engaged in a consumer transaction with T-Mobile, but subsequent cases also have recognized that Pintos did not alter the well-established principal that "the requesting of a credit report to attempt to collect a debt is a permissible purpose." Laugenour v. Northland Group Inc., No. 2:12-cv-2995 GEB DAD PS, 2013 WL 3745727, at *2, n. 4 (E.D. Cal. July 15, 2013), and cases cited. Thus, "if a collection agency is retained by a creditor to collect a debt owed by a consumer, then it typically has a permissible purpose for obtaining a consumer report in conjunction with its collection activities, so long as it seeks to use information in connection with a transaction that the consumer initiated with the creditor." Id. at *2 (quoting Pyle v. First Nat'l Collection Bureau, 2012 WL 5464357, at *4). In the instant case, while Searle may dispute the amount due to T-Mobile, the premise of her complaint is that she did, in fact, engage in a consumer transaction with T-Mobile, and that Convergent sought her credit report in connection with its efforts to collect that debt. The motion to dismiss should be allowed.

Finally, assuming, arguendo, that this court's interpretation of the complaints is overly generous, and that Searle did not allege that Convergent was seeking to collect her debt to T-Mobile, then the motion to dismiss should nevertheless be allowed for failure to state a claim. As the court held in Danaher v. Frederick J. Hanna & Associates, P.C., 2:13-cv-01633-JCM-NJK, 2013 WL 5375299 (D. Nev. Sept. 24, 2013):

> even if it did not appear from the allegations in the Complaint that Defendant's actions as a debt collector were permissible under the FCRA, Plaintiff has failed to provide a factual basis for his claim, as

> his Complaint provided only conclusory allegations that Defendant violated the FCRA. In order to succeed on a claim under § 1681b, Plaintiff must establish that Defendant did not have a permissible purpose for requesting his credit report. *See Thomas v. U.S. Bank, N.A.,* 325 F. App'x 592, 593 (9th Cir.2009) (granting summary judgment in favor of the defendant because the plaintiff had failed to present evidence that the defendant requested the report without a permissible purpose). Bare allegations that the defendant did not have a permissible purpose for obtaining a credit report, without more, are insufficient. *See Flury v. CSC Credit Servs.,* No. CV11–1166–PHX–FJM, 2012 WL 300726, at *1 (D. Ariz. Feb. 1, 2012) (finding that the plaintiff failed to support his FCRA claim for improperly requesting a credit report because his complaint contained "a single conclusory allegation that his credit report was 'obtained without a permissible purpose' "). Merely reciting each of the permissible circumstances and denying that they apply is similarly inadequate. *See Myers v. Winn Law Group, APC,* No. 11–cv–2372 JAM KJN PS, 2011 WL 4954215, at *2–3 (E.D. Cal. Oct. 18, 2012) (finding insufficient conclusory allegations, which grouped all defendants together, that the defendants obtained the plaintiff's credit report and that the plaintiff neither owed the defendants a debt nor had a contract with the defendants).

2013 WL 5375299 at *3. Searle's complaint fails to state a claim for the same reasons. The motion to dismiss the FCRA and MFCRA claims should be allowed on this basis as well.

### FDCPA and Mass. Gen. Laws ch. 93A

Searle contends that Convergent is liable under the FDCPA and therefore committed an unfair and deceptive act in violation of Mass. Gen. Laws ch. 93A by falsely representing that it was authorized to obtain Searle's credit report. Assuming, arguendo, that Searle has satisfied the pleading requirements of such an allegation of fraud, she nevertheless has failed to state a claim under these statutes. See Epstein v. C.R. Bard,

Inc. 460 F.3d 183, 189-90 (1st Cir. 2006) (fraud must be pleaded with particularity under Fed. R. Civ. P. 9(b), including "the time, place, and content of the alleged false or fraudulent representations.") (internal quotation omitted).

"Under the provisions of the FDCPA, debt collectors are prohibited 'from making false or misleading representations and from engaging in various abusive and unfair practices.'" Laugenour, 2013 WL 3745727, at *2 (quoting Heintz v. Jenkins, 514 U.S. 291, 292, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995)). "In order to prevail on an FDCPA claim, a plaintiff must prove that (1) [she] was the object of collection activity arising from consumer debt, (2) the defendant is a debt collector within the meaning of the statute, and (3) the defendant engaged in a prohibited act or omission under the FDCPA." Krasnor v. Spauling Law Office, 675 F. Supp. 2d 208, 211 (D. Mass. 2009). Since, as detailed above, this court has concluded that Convergent was authorized to seek the credit report, Searle has not alleged that Convergent engaged in any prohibited act or practice. Accordingly, she cannot meet her burden of proof, and these claims must be dismissed as well.

**Demand Letter under 93A**

Convergent has also moved to dismiss Searle's claim pursuant to Mass. Gen. Laws ch. 93A on the grounds that the complaint fails to sufficiently allege that the prerequisites to filing a ch. 93A claim have been met. While this court finds that the original Complaint is insufficient, this court also finds that the deficiencies have been corrected in

the proposed Amended Complaint.  Therefore, this court does not recommend that Searle's 93A claim be dismissed on this basis.

The pleading requirements for a claim under Mass. Gen. Laws ch. 93A are well-established.  Thus:

> Before bringing suit under that statute, a plaintiff must mail to the defendant a "written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon." Mass. Gen. Laws ch. 93A, § 9(3).  This notification must be furnished no fewer than thirty days prior to the filing of suit.  *Id.*  The statutory notice requirement is not merely a procedural nicety, but, rather, "a prerequisite to suit." *Entrialgo v. Twin City Dodge, Inc.,* 368 Mass. 812, 333 N.E.2d 202, 204 (1975).  Furthermore, "as a special element" of the cause of action, it must be alleged in the plaintiff's complaint.  *Id.*

Rodi v. S. New England Sch. Of Law, 389 F.3d 5, 19 (1st Cir. 2004).

In Searle's original Complaint she merely recited that she sent the defendant a "Notice of Lawsuit Pending letter dated 5/15/2013" without attaching the letter or explaining its content.  (Compl. ¶ 13).  In her proposed Amended Complaint, however, she attached the letter.  (Am. Compl. ¶ 25, Ex. C).  In the letter of May 15, 2013, which was sent by certified mail, Searle expressly referenced Mass. Gen. Laws ch. 93A, explained that she was objecting to Convergent's having made an unauthorized credit inquiry without a permissible purpose, provided a draft complaint and asserted that she intended to file suit, albeit in 10 days, rather than the 30 days required under 93A.  In fact, suit was not filed until August 9, 2013, more than 30 days after the notice was sent. Under such circumstances, this court finds the pleadings in the proposed Amended Complaint to be sufficient.  See Rodi, 389 F.3d at 19 (93A claim dismissed where

-13-

"neither the plaintiff's complaint *nor the documents attached thereto* mention any [93A] notification") (emphasis added).

### C. Motion to Strike Defenses

In connection with her opposition to the motion to dismiss, Searle moved for an order striking Convergent's affirmative defenses. Under Fed.R.Civ.P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "[m]otions to strike defenses are disfavored and should be granted only when it is 'beyond cavil that the defendant could not prevail on them.'" Honeywell Consumer Prods., Inc. v. Windmere Corp., 993 F. Supp. 22, 24 (D. Mass. 1998) (internal quotation and punctuation omitted). "Thus, even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1381, at 421-22 (3d ed. 2004). In the instant case, this court recommends that plaintiff's motion to strike defenses be denied.[5] Searle has "denied" each defense and demanded "strict proof" of each. (See Docket No. 13). However, she has not established any prejudice by the assertion of the defenses. If the

---

[5] Convergent has asserted eight affirmative defenses, including (1) failure to state a claim upon which relief can be granted, (2) statute of limitations, (3) failure to comply with the procedural requirements of Mass. Gen. Laws ch. 93A, (4) Convergent's actions were in accordance with the law, (5) plaintiff has suffered no damages, (6) any alleged violation was a result of a bona fide error, (7) claims are barred as a matter of fact and law as alleged in the motion to dismiss, and (8) failure to mitigate, waiver, estoppel, ratification and laches.

case were to proceed, the factual record would have to be developed to determine if the defenses have merit. There is no reason to strike the defenses at this time.

### D. Motion to Amend

As detailed above, Searle has moved to amend her complaint in order to add certain facts. The crux of her complaint remains unchanged, as do the legal theories she is asserting. Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend should be given freely "when justice so requires." Nevertheless, leave may be denied for various reasons, including "undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009). "'Futility' means that 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" Jones v. FMA Alliance Ltd., 978 F. Supp. 2d 84, 87 (D. Mass. 2013) (quoting Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)) (additional citations omitted).

As detailed above, even the most liberal reading of the proposed Amended Complaint establishes that Convergent requested the credit report for an authorized purpose. Searle has failed to state a claim even under the proposed Amended Complaint. Therefore, this court recommends that the plaintiff's motion to amend the complaint be denied.

## IV.  CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Defendant's Motion to Dismiss for Failure to State a Claim (Docket No. 10) be ALLOWED, that the plaintiff's Motion to Strike Affirmative Defenses (Docket No. 13) be DENIED, and that the plaintiff's Motion for Leave to Amend Complaint (Docket No. 23) be DENIED.[6]

                                                      / s / Judith Gail Dein
                                                     Judith Gail Dein
                                                     U.S. Magistrate Judge

---

[6] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).